# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RANDALL H. DEUBLER,

        Plaintiff,

v.                                                               No. 17cv511 JAP/KBM

KURT F. JOHNSON and
MONYA BALLAH,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

      Plaintiff filed Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, on May 1, 2017 ("Complaint").

      Plaintiff and Defendants are codefendants in a foreclosure action in state district court. *See* Complaint at 2. Defendants, who "were acting as the Trustees for [Plaintiff's] home which is now in foreclosure," sent a 'money on account order' to the district court to pay restitution to Plaintiff. Complaint at 2. The state district court deemed the "money on account order" fraudulent. Complaint at 2. Plaintiff hired a firm, "which is in the business of helping families with foreclosures alternatives," which advised Plaintiff that Defendants' "money on account order" "was 'outdated' and "to take the money on account order to the Federal Courthouse and simply tell them that the redemption process was outdated." Complaint at 3-4. When he filed his Complaint, Plaintiff presented to the Clerk's Office a "money on account order," for $600,000.00 made out to "United States Court" and signed by Defendant Johnson. *See* Complaint at 17. Plaintiff asks the Court to "process the new payment." Complaint at 4. Plaintiff does not assert any claims against Defendants.

The Court does not have jurisdiction because there is no "case" or "controversy." "Article III of the United States Constitution restricts the jurisdiction of federal courts to the adjudication of 'Cases' or 'Controversies.'" *Bronson v. Swensen*, 500 F.3d 1099, 1106 (10th Cir. 2007).

> For a case or controversy to be justiciable, it must involve "questions presented in an adversary context and ... capable of resolution through the judicial process." *Massachusetts v. E.P.A.,* 549 U.S. 497, 516, 127 S.Ct. 1438, 167 L.Ed.2d 248 (2007). The three requirements of Article III standing—injury-in-fact, causation, and redressability—ensure that the parties to any litigation have "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination." *Id.* at 517, 127 S.Ct. 1438. It is the plaintiff's burden to demonstrate that these requirements are met. *See Summers v. Earth Island Inst.,* 555 U.S. 488, 493, 129 S.Ct. 1142, 173 L.Ed.2d 1 (2009). Each of these requirements "must be established before a federal court can review the merits of a case." *Consumer Data Indus. Assoc. v. King,* 678 F.3d 898, 902 (10th Cir.2012).

*Petrella v. Brownback*, 697 F.3d 1285, 1292-1293 (10th Cir. 2012). Plaintiff has not asserted any claims against Defendants. Plaintiff only asks the Court to process the new payment. Plaintiff's request is not presented in an adversary context and is not capable of resolution through the judicial process.

The Court will dismiss the Complaint without prejudice for lack of jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

Because it is dismissing this case, the Court will deny as moot Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed May 1, 2017.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

**IT IS ALSO ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed May 1, 2017, is **DENIED as moot.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**